**Larry R. BURTON, Appellant,**

v.

**Martin H. LOBDELL et al.**

**No. 79–1556.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 19, 1980.

Decided June 30, 1980.

---

**540**

Harvey M. Katz, for appellant.

Barbara L. Herwig, Atty., Dept. of Justice, Washington, D. C., with whom Alice Daniel, Acting Asst. Atty. Gen., Carl S. Rauh, U. S. Atty., Washington, D. C., at the time the brief was filed, and Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C., were on brief for appellees.

Before MacKINNON, ROBB and MIKVA, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

This matter is before the court on plaintiff-appellant's appeal from a district court order granting defendant-appellees' motion for summary judgment and to dismiss. For the reasons stated below and in the district court's memorandum opinion, we affirm.

Appellant, Larry R. Burton, brought suit in the district court, alleging that appellees' tortious conduct injured him in his attempts to obtain a new job in 1975. Central to appellant's claim is his notion that defendant Martin Lobdell, one of appellant's supervisors at the United States Department of Agriculture, violated the provisions of the Performance Rating Act, 5 U.S.C. § 4301 et seq. (1976) (the Act), as a result of oral responses made by Lobdell to inquiries from potential employers who had received appellant's job application. Appellant contends that Lobdell's responses were inconsistent with the rating of "satisfactory" appellant had received under the evaluation scheme created by the Act.[1] Since the Act prohibits any performance ratings or the use of ratings as the basis for any action except under a rating plan approved by the Civil Service Commission,[2] appellant claims Lobdell's oral representations violated the Act. We disagree.

 Nothing in the Performance Rating Act can be construed to prevent a supervisor from responding, orally or otherwise, to inquiries made by prospective em-

---

1. The Act requires federal agencies to establish and use a performance-rating plan "for evaluating the work performance of its employees." 5 U.S.C. § 4302 (1976). At a minimum, the plan must provide for rating categories of satisfactory, unsatisfactory, and outstanding. 5 U.S.C. § 4304 (1976). An employee must be notified of his rating and may request a hearing thereon. 5 U.S.C. § 4305 (1976).

2. Section 4307 of the Act provides:

 An employee may not be given a performance rating, regardless of the name given to the rating, and a rating may not be used as a basis for any action, except under a performance-rating plan approved by the Civil Service Commission as meeting the requirements of this chapter.

 5 U.S.C. § 4307 (1976).

ployers about a supervised employee. Employers have long used references from supervisory personnel to evaluate job applicants. The Act was not designed to convert the answers to such inquiries into the formal performance ratings established by the Act. To subject such reference requests or responses to the notice and hearing provisions of the Act would be to create a burlesque out of a necessary and proper personnel practice—and out of an Act of Congress.

*Affirmed.*